# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PABLO ACEVEDO,

    Petitioner,

v.

PATRICK NOGAN,

    Respondent.

Civ. No. 17-12892 (RBK)

**OPINION**

### ROBERT B. KUGLER, U.S.D.J.

Petitioner is a state prisoner currently incarcerated at East Jersey State Prison. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"). (ECF No. 7.) Before the Court is Respondent's Answer, where he seeks, among other things, to dismiss the Petition as untimely. (ECF No. 14.) Petitioner filed supplemental briefing, (ECF Nos. 21, 24.), as did Respondent, (ECF No. 22.). For the reasons set forth below, the Court will dismiss the Petition with prejudice as untimely and will not issue a certificate of appealability.

## I. BACKGROUND

On August 3, 2007, after a jury trial, the New Jersey Superior Court sentenced Petitioner to an aggregate term of thirty years in prison, subject to the No Early Release Act, for first degree robbery and related charges. (ECF No. 14-9.) He filed a notice of appeal with the New Jersey Superior Court, Appellate Division, on April 9, 2008, and that court affirmed on April 25, 2011. *State v. Acevedo*, No. A-3861-07T1, 2011 WL 1530768, at *1 (N.J. Super. Ct. App. Div. Apr. 25, 2011). On or about May 10, 2011, Petitioner filed a petition for certification to the Supreme Court

of New Jersey, and that court denied certification on October 13, 2011. (ECF Nos. 14-16, 14-18.) Petitioner did not seek certiorari from the United States Supreme Court.

Petitioner then filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court, on or about October 27, 2011. (ECF No. 14-22, at 17.) On December 20, 2012, the PCR court dismissed the petition without prejudice for failure to submit a timely brief in support of the petition.[1] (ECF Nos. 26-1, 26-2.) "Due to numerous issues concerning discovery and transcripts as well as inability to communicate with Mr. Acevedo without the services of an interpreter," PCR counsel could not meet the original deadline to submit the brief. (ECF No. 26-2.) Petitioner, however, was able to submit a *pro se* brief in November of 2012. (ECF No. 14-21.)

After acquiring the necessary documents and information, on February 7, 2014, PCR counsel requested reinstatement of the PCR petition. (ECF No. 26-2.) The PCR court refiled the PCR petition, and ultimately, on April 28, 2015, that court denied the petition. (ECF Nos. 14-26, 14-27.)

On September 18, 2015, Petitioner filed a PCR appeal and a motion to file as within time with the Appellate Division. (ECF No. 14-28, at 112.) The Appellate Division granted Petitioner's motion to file as within time, and on May 10, 2017, the Appellate Division affirmed the PCR court's decision. (ECF No. 14-32.) At some point thereafter, Petitioner filed a PCR petition for certification, and on October 16, 2017, the Supreme Court of New Jersey denied certification. (ECF No. 14-33.)

---

[1] Although Respondent was unable to secure the original of this document, this Court was able to verify this event through the State's public access system. Additionally, Petitioner appears to concede the accuracy of these events. (ECF No. 25, at 2.)

Petitioner filed the instant § 2254 Petition on November 29, 2017.[2] (ECF No. 1.) Respondent filed an Answer seeking, among other things, dismissal of the Petition as untimely. The Court ordered and received supplemental briefing on the timeliness issue. (ECF Nos. 18, 21, 22, 25.)

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

As mentioned above, Respondent contends that the instant Petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal

---

[2] Petitioner certified that he placed the Petition into the mailing system on that date. (ECF No. 1, at 13.)

3

judgment becomes "final."[3] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner completed his direct appeals on October 13, 2011, and his judgment became final on January 11, 2012, after the time to seek certiorari from the Supreme Court had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari). As a result, Petitioner's habeas time started on January 12, 2012, and absent tolling or other considerations, his habeas petition was due one year later, by January 12, 2013. Consequently, as Petitioner did not file his initial § 2254 petition until November 29, 2017, his Petition is untimely unless he can justify tolling the limitations period.

---

[3] The statute states in full, that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

### A. Statutory Tolling

In general, the filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed.").

In the present case, Petitioner filed his PCR petition on or about October 27, 2011, (ECF No. 14-22, at 17.), before the commencement of the limitations period. The PCR petition tolled the limitations period until December 20, 2012, when the PCR court dismissed the petition without prejudice for PCR counsel's failure to submit a timely brief. Accordingly, Petitioner's one year limitations period began to run on December 21, 2012 and expired on December 21, 2013.

Petitioner did not refile his PCR petition, however, until February 7, 2014, forty-eight days after his limitations period had expired. Once again, a PCR petition will not revive a one-year period that has already expired. *See Long*, 393 F.3d at 394–95. As a result, Petitioner is not entitled to statutory tolling during the remainder of his PCR proceedings.

Accordingly, since Petitioner filed his initial § 2254 petition on November 29, 2017, he filed the petition nearly four years after his AEDPA limitations period expired on December 21, 2013.

**B. Equitable Tolling**

Aware of the statutory tolling issue, Petitioner argues that the Court should equitably toll any remaining time, *i.e.*, nearly four years. (ECF No. 25.) Petitioner contends that the PCR court and his PCR counsel lulled him into a "false sense of security" which allowed his AEDPA limitations period to expire. (*Id*. at 3–6.) Additionally, Petitioner maintains that he diligently pursued his rights.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399).

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable diligence:

> [t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry

> and his lack of legal knowledge or legal training does not alone
> justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774
> (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800.

Next, a court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

### a. Reasonable Diligence

Turning first to whether Petitioner was reasonably diligent, Petitioner argues that he diligently pursued his *state* remedies. Petitioner does not, however, explain how he has diligently pursued his *federal* rights.

In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by failing to file a protective federal petition while pursuing state collateral relief)), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017); *see also Wallace v. Mahanoy*, ___ F.4th ___, No. 18-3006, 2021 WL 2547029, at *13 (3d Cir. June 22, 2021) (holding that after the denial of his state PCR petition, petitioner should have been aware "that federal relief

7

could be necessary," and thus, he was not reasonably diligent because he "waited another full year" to file his § 2254 petition).

In the present case, Petitioner could have, but failed, to file a protective § 2254 petition. In particular, after becoming aware of the dismissal of his PCR petition on December 20, 2012, Petitioner should have considered whether "federal relief could be necessary." *Wallace*, ___ F.4th ___, No. 18-3006, 2021 WL 2547029, at *13. At that point, Petitioner still had his entire one-year limitations period to file a protective § 2254 petition.

Petitioner contends that he was not aware of the dismissal, until after he requested an update from the state courts, "who responded on October 28, 2013." (ECF No. 1, at 21.) Setting aside that he could have discovered the status of his PCR petition in a number of ways prior to that point,[4] Petitioner still had nearly two months to file a protective § 2254 petition. Instead, it appears that for nearly four years after the dismissal of his state PCR petition, Petitioner did nothing to pursue his federal rights. Consequently, this Court "simply cannot conclude that such delay reflects reasonable diligence in pursuing a federal habeas claim." *Wallace*, ___ F.4th ___, No. 18-3006, 2021 WL 2547029, at *13.

That said, the Court also finds that Petitioner's sole inquiry about the status of his PCR petition was insufficient to diligently pursue his state rights. Indeed, it appears that Petitioner learned of the dismissal of his PCR petition on October 28, 2013, but then did nothing until his PCR counsel sought to reinstate the petition on February 7, 2014. If Petitioner undertook any additional efforts in connection with his state PCR petition, he has not described those efforts to this Court. (ECF No. 25.)

---

[4] Petitioner could have, for example, asked his attorney or written to the Court for an update in the ten months prior. Petitioner, however, does not allege that he undertook such actions.

Instead, Petitioner contends that he relied upon PCR counsel to pursue his state rights and had a "false sense of security" when the PCR court told him "that the dismissal was without prejudice." (ECF No. 25, at 6.) Nevertheless, Petitioner's lack of legal knowledge, his attorney's failure to file a timely brief, and Petitioner's erroneous belief that he had preserved his rights, do not excuse his failure to diligently pursue his federal rights. *See, e.g.*, *Wallace*, ___ F.4th ___, No. 18-3006, 2021 WL 2547029, at *13 (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (finding that attorney error is generally not a basis for equitable tolling in non-capital cases); *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (holding that misunderstanding the exhaustion requirement does not merit equitable tolling)).

For all of those reasons, this Court finds that Petitioner "was insufficiently diligent in preserving his federal rights between [2013] and [2017]" to merit equitable tolling. *Id*. at *14.

**b. Extraordinary Circumstances**

Next, Petitioner also fails to demonstrate that extraordinary circumstances prevented his timely filing. Petitioner appears to allege that the PCR court's dismissal of his PCR petition without prejudice "misled" or "misadvised" him, to believe that it would preserve his federal rights. (ECF No. 25, at 6.) In Petitioner's view, the state court "should not be permitted to dismiss PCR petitions without prejudice . . . without advising [] a petitioner that that [such] a dismissal . . . has no bearing on the one-year limitations period." (*Id*. at 5–6.) He contends that due to his misunderstanding, the state created an "impediment" to the filing of a timely habeas petition under 28 U.S.C. § 2244(d)(1)(C).

As a preliminary matter, under that statute, if there truly was a state impediment that "prevented" Petitioner from filing a § 2254 petition, it would have generated a new one-year limitations period. *Id*. As discussed above, however, Petitioner was not "prevented" from filing a

9

§ 2254 petition, as he could have filed a protective § 2254 petition at any time within one year after his conviction became final in January of 2012.

Next, this Court finds that the state court did not mislead Petitioner as to the status of his PCR petition or the dismissal's effect on his AEDPA limitations period. Based on Petitioner's factual allegations, (ECF No. 25.), the PCR court made no representations regarding Petitioner's federal rights. Rather, Petitioner became aware of the dismissal without prejudice and arrived at his own conclusions as to whether that would affect his AEDPA limitations period.

As such, the PCR court did not "*actively* misle[ad]" Petitioner. *See, e.g.*, *Fahy*, 240 F.3d at 244 (emphasis added) (citing *Jones*, 195 F.3d at 159). "Nor did the state courts have any duty to provide Petitioner with legal advice as to the filing deadlines in federal court." *Cutler v. Davis*, No. 20-9011, 2021 WL 2411306, at *2 (D.N.J. June 14, 2021).

Ultimately, Petitioner fails to demonstrate that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (emphasis added).

More likely, Petitioner's late filing was due to his lack of legal knowledge and his mistaken understanding of statutory tolling, but such issues do not constitute extraordinary circumstances. *See, e.g.*, *Fahy*, 240 F.3d at 244 (noting that mistakes do not generally rise to extraordinary circumstances); *Walker v. Ricci*, No. 09-5325, 2013 WL 3223552, at *11 (D.N.J. June 25, 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing")); *Pryor v. Yatauro*, No. 12-1427, 2013 WL 2242460, at *3 (D.N.J. May 20, 2013).

For all of those reasons, the Court finds that Petitioner has failed to demonstrate reasonable diligence or extraordinary circumstances to justify tolling, and thus, his Petition remains untimely. *Darden*, 477 F. App'x at 918. As a result, the Court will deny the Petition as time barred.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that the Petition remains untimely under the AEDPA. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will deny the Petition with prejudice and will not issue a certificate of appealability. An appropriate Order follows.

Dated: July  9,  2021                              s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge

11